UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. DONOVAN, as he is ADMINISTRATOR, LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP AND TRAINING FUND; and LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND,<br>      Plaintiffs,<br><br>            v.<br><br>CURTIN ELECTRICAL CONTRACTORS, INC., PATRICK M. CURTIN, AND MARIE C. CURTIN,<br>      Defendants, and<br><br>ROCKLAND TRUST COMPANY,<br>      Trustee. | CIVIL ACTION NO. |

## VERIFIED COMPLAINT

### NATURE OF ACTION

1.  This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2.  The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3. Plaintiff Michael P. Donovan is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan"). The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4. Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund"). The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5. Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund"). The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6. Plaintiff Michael P. Donovan is also the Administrator of the Joint Apprenticeship and Training Fund ("JATC"). The JATC is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7. Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund"). The National Fund is an "employee pension benefit

plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

8.   The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as the "Funds."  The Funds are authorized to act as agent for purposes of collecting contributions owed to the Electrical Industry Labor Management Cooperation Trust, the National Electrical Industry Fund, and the Administrative Maintenance Fund, which contributions are detailed in the Local 103 collective bargaining agreement.  The Funds are also authorized to collect union working dues and holiday and vacation amounts which are deducted from employees' pay when those amounts are not remitted by the employer to the Union.

9.   Defendant Curtin Electrical Contractors, Inc. ("Curtin") is a Massachusetts corporation with a principal place of business at 45 Merritt Ave., Braintree, MA 02184.  Curtin is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Curtin was involuntarily dissolved by the Secretary of the Commonwealth.  A copy of the Secretary's website summary page showing the dissolution is attached as Exhibit A.

10.   Defendant Patrick M. Curtin, of 45 Merritt Ave., Braintree, MA 02184, is President and Director of Curtin.  On information and belief, he is an owner of Curtin, which has been involuntarily dissolved.  On information and belief, Defendant Patrick Curtin has employed electrical workers, has deducted working dues and holiday and vacation amounts from their wages, has failed to remit those wage deductions to the Union, and has failed to report and send benefit contributions for work performed in the months of December 2021, January 2022,

February 2022, and March 2022.  On information and belief, Defendant Patrick Curtin is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Defendant Patrick Curtin is personally liable for the amounts owed by the dissolved corporation.

11. Defendant Marie C. Curtin, of 45 Merritt Ave., Braintree, MA 02184, is Treasurer, Director, and Registered Agent for Curtin.  On information and belief, she is an owner of Curtin, which has been involuntarily dissolved.  On information and belief, Defendant Marie Curtin has employed electrical workers, has deducted working dues and holiday and vacation amounts from their wages, has failed to remit those wage deductions to the Union, and has failed to report and send benefit contributions for work performed in the months of December 2021, January 2022, February 2022, and March 2022.  On information and belief, Defendant Marie Curtin is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.  Defendant Marie Curtin is personally liable for the amounts owed by the dissolved corporation.

12. Trustee Rockland Trust Company is a banking institution organized under the laws of Massachusetts with a principal place of business at 288 Union Street, Rockland, MA 02370.  Upon information and belief, Rockland Trust Company holds assets of the Defendants.

**FACTS**

13. On or about June 25, 2007, Curtin signed a Letter of Assent authorizing the Boston Chapter, of the National Electrical Contractors Association ("NECA") as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between NECA and the International Brotherhood

of Electrical Workers Local 103 ("Union").  A copy of Curtin's Letter of Assent is attached hereto as <u>Exhibit B</u>.

14. Curtin has been a party to successive collective bargaining agreements, including the agreement which is in effect from September 1, 2019 through August 31, 2023, attached hereto as <u>Exhibit C</u> ("Agreement").

15. The Agreement requires signatory employers such as Curtin to make contributions to the Funds for each hour worked by covered employees.  The Agreement specifies the amount to be contributed by an employer to each of the Funds for each hour worked.

16. The Agreement further specifies that these amounts are to be paid by the 15th day of the subsequent month.  The Agreements also specify that working dues and holiday and vacation amounts are to be deducted from the wages of each employee and forwarded to the Union.

17. Section 6.38(f) of the Agreement provides that a delinquent fee must be paid for all payments made after the 15th day of the month the payment is due.  The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month.

18. Signatory employers such as Curtin are obligated to submit remittance reports on a monthly basis, in which they list the hours worked by their employees and calculate the amount of benefit contributions and wage deductions owed for all work performed by their employees in that month.  Employers are also required to submit to periodic audits of their books and records to verify the accuracy of their remittance reports.

19. Curtin is delinquent in payment of benefit contributions and deductions from wages for working dues and holiday and vacation amounts. Curtin has not paid benefit contributions or wage deductions for work performed in the months of December 2021, January 2022, February 2022, and March 2022. Curtin has been notified of its delinquencies and has failed to make payment. Attached as Exhibit D is a copy of the most recent demand letter together with email delivery receipt.

20. Curtin has submitted a remittance report for the month of December 2021 but not the remaining months of January through March 2022. The Funds have estimated the amounts owed for the months of January through March 2022 based on the average of the reports for the months of October through December 2021. Curtin owes the Funds to date a total of $53,184.06, consisting of principal benefit contributions in the estimated amount of $42,053.24, principal wage deductions in the estimated amount of $4,366.74, interest to date on unpaid contributions in the amount of $1,778.87, past-due interest on late-paid contributions of $2,777.40, interest on late payments to the Deferred Income Fund of $912.42, and legal fees and costs to date of $1,295.39. Curtin also owes continuing interest at the rate of 1.5% per month on unpaid contributions, continuing legal fees and costs of collection, and statutory liquidated damages.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA

22. Plaintiffs incorporate by reference paragraphs 1 through 21 above.

23. Absent an order from this Court, Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin will continue to refuse and fail to pay the contributions they owe to the Plaintiff Funds, along with interest on late payments, and the Funds and their participants will be irreparably damaged.

24. The failure of Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

25. Plaintiffs incorporate by reference paragraphs 1 through 24 above.

26. The Agreement is a contract within the meaning of §301 of the LMRA.

27. The failure of Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin to pay all contributions and interest owed on behalf of their covered employees and to remit the wage deductions for working dues and holiday and vacation amounts that Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin deducted out of its employees' wages and converted to their own uses, violates the terms of the Agreement.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request that this Court grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin held by Rockland Trust Company up to the amount of $53,184.06.

b. Enter a preliminary and permanent injunction enjoining Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin from refusing or failing to make

payment of benefit contributions, wage deductions, interest, statutory liquidated damages, and legal fees and costs of collection.

  c. Order the attachment of the machinery, inventory, vehicles, equipment, and accounts receivable of Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin up to the amount of $53,184.06.

  d. Order Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from the date of the last audit until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period;

  e. Enter judgment in favor of the Plaintiff Funds on Count I against Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin for all benefit contributions owed through the present, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus interest on the unpaid contributions, statutory liquidated damages, and legal fees and costs of collection, pursuant to 29 U.S.C. §1132(g)(2);

  f. Enter judgment in favor of the Plaintiff Funds on Count II against Defendants Curtin Electrical Contractors, Inc., Patrick Curtin, and Marie Curtin for all benefit contributions and wage deductions owed through the present, plus interest and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

    g.    Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

MICHAEL P. DONOVAN, as he is
ADMINISTRATOR, LOCAL 103, I.B.E.W.
HEALTH BENEFIT PLAN, *et al.*,

By their attorney,

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO # 547188
Law Office of Kathryn S. Shea
108 Trowbridge St. Third Fl.
Cambridge, MA 02138
617-851-4350
kate@kateshealaw.com

Dated: May 4, 2022

## VERIFICATION

I, Michael P. Donovan, Funds Administrator for the Local 103, I.B.E.W. Health Benefit Plan, *et al.*, verify that I have read the above Complaint, and the statements set forth therein are true and accurate except for those statements made on information and belief as to which I am informed and believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 4TH DAY OF MAY, 2022.

/s/ Michael P. Donovan
Michael P. Donovan
Funds Administrator